## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

**Luis Angel Ugarte Vargas,**

      Plaintiff,

      v.

**PCS Nitrogen, Inc., Nutrien US, LLC, Nutrien Ag Solutions, Inc., Airgas USA, LLC, Air Liquide Large Industries U.S. LP, XYZ CORP. 1-5, and JOHN DOES 1-5,**

      Defendants.

**JURY TRIAL DEMANDED**


**CIVIL ACTION FILE NO.** CV124-175

## **COMPLAINT**

COMES NOW, Luis Angel Vargas (hereinafter "Plaintiff"), and files this Complaint for Negligence and Damages, respectfully showing the Court as follows:

1.

This personal injury case arises out of the amputation of Plaintiff Luis Angel Vargas' fingers due to the negligence of Defendants.

2.

Plaintiff is a resident and citizen of the State of North Carolina; however, at the time of the incident he was working in Georgia on a job assignment.

3.

Diversity jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00.

4.

Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

5.

Defendant **PCS Nitrogen, Inc.,** (hereinafter referred to as "**PCS Nitrogen**") is a foreign incorporated company registered to do business in the State of Georgia. Defendant PCS Nitrogen, Inc. is engaged in the production of fertilizer products. PCS Nitrogen, Inc., was at all times relevant to this action, doing business in the State of Georgia with its principal office at 5296 Harvest Lake Drive, Loveland, Colorado, 80538, and may be served through its registered agent, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Defendant PCS Nitrogen, Inc., is subject to the venue and jurisdiction of this Court. All acts and omissions of Defendant PCS Nitrogen, Inc., described herein, were performed by its agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies, services, employment and/or ownership.

6.

Defendant **Nutrien US, LLC,** (hereinafter referred to as "**Nutrien US, LLC**") is a foreign limited liability company registered to do business in the State of Georgia.  Defendant Nutrien US, LLC, is engaged in the agriculture business as a crop inputs and services provider.  Nutrien US, LLC, was at all times relevant to this action, doing business in the State of Georgia with its principal office at 5296 Harvest Lake Drive, Loveland, Colorado, 80538, and may be served through its registered agent, CT Corporation System located at 289 S. Culver Street, Lawrenceville, GA 30046.  Defendant Nutrien US, LLC, is subject to the venue and jurisdiction of this Court. All acts and omissions of Defendant Nutrien US, LLC, described herein were performed by its agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies, services, employment and/or ownership.

7.

Defendant **Nutrien Ag Solutions, Inc.** (hereinafter referred to as "**Nutrien Ag Solutions**") is a foreign incorporated company registered to do business in the State of Georgia.  Defendant Nutrien Ag Solutions is engaged in retail sales for crop inputs and services.  Nutrien Ag Solutions was at all times relevant to this action, doing business in the State of Georgia with its principal office at 3005 Rocky Mountain Avenue, Loveland, Colorado, 80538, and may be served through its

registered agent, CT Corporation System located at 289 S. Culver Street, Lawrenceville, GA 30046. Defendant Nutrien Ag Solutions is subject to the venue and jurisdiction of this Court. All acts and omissions of Defendant Nutrien Ag Solutions**,** described herein were performed by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employment and/or ownership.

8.

Defendant **Airgas USA, LLC** (hereinafter referred to as "**Airgas USA**") is a foreign limited liability company registered to do business in the State of Georgia. Defendant Airgas USA is engaged in industrial, medical, and specialty gas business. Airgas USA was at all times relevant to this action, doing business in the State of Georgia with its principal office at 259 N. Radnor-Chester Road, Suite 100, Radnor, PA 19087, and may be served through its registered agent, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, GA 30046. Defendant Airgas USA is subject to the venue and jurisdiction of this Court. All acts and omissions of Defendant Airgas USA, described herein were performed by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

9.

Defendant **Air Liquide Large Industries U.S. LP** (hereinafter referred to as "**Air Liquide**") is a foreign limited liability partnership registered to do business in the State of Georgia.  Defendant Air Liquide is engaged in the business of industrial, medical, and specialty gases and wholly owns Airgas USA, LLC. Air Liquide was at all times relevant to this action, doing business in the State of Georgia with its principal office at 9811 Katy Freeway, Suite 100, Tax Department, Houston, TX 77024, and may be served through its registered agent**,** Capitol Corporate Services, Inc. located at 3675 Crestwood Parkway NW, Suite 350, Duluth, GA 30096. Defendant Air Liquide is subject to the venue and jurisdiction of this Court. All acts and omissions of Defendant Air Liquide, described herein were performed by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

10.

**Defendant XYZ Corps. 1-5** are entities or persons that owned, managed, inspected, negligently repaired, or maintained the area where Plaintiff worked for Defendants' benefit on October 6, 2022, and are subject to the jurisdiction and venue of this Court.  Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendants XYZ Corps.   Defendants XYZ

Corps will be named and served with the Summons and Complaint once their identities are revealed.

11.

**Defendant John Does 1-5** are persons that owned, managed, inspected, negligently repaired, or maintained the area where Plaintiff worked for Defendants' benefit on October 6, 2022, and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendants XYZ Corps. Defendants XYZ Corps will be named and served with the Summons and Complaint once their identities are revealed.

12.

On October 6, 2022, Luis Angel Vargas was working with SVI Industrial ("SVI") at Defendants' facility located at 1317 Columbia Nitrogen Dr. Augusta, GA 30901.

13.

Defendants do not have any ownership interest in SVI and are independent from SVI.

14.

Defendants are not Plaintiff's statutory employer.

15.

Defendants invited Plaintiff to perform an operation in its warehouse for their benefit.  At all relevant times during the operation, Plaintiff cared for his safety. There were no security measures employed by Defendants, or improper measures relative to same, when Plaintiff undertook the operation causing him to get his arm and fingers caught in a machine on the premises. Plaintiff's hands and arm were full of blood, and his fingers were severed. Plaintiff was rushed to the emergency room to treat for his injuries.

## COUNT 1 – CLAIMS OF PROFESSIONAL NEGLIGENCE

16.

Plaintiff's injuries were caused because of the failure of Defendants in designing, re-designing, maintaining and installing safety upgrades to the premises and machinery that Plaintiff worked on. Defendants failed to perform or rely on proper and adequate testing and research to determine and evaluate the risks regarding the machinery, equipment, protocol, and procedures.  Defendants also provided incomplete, insufficient, and misleading training and information regarding the machinery, the area, and equipment to users.

17.

Specifically, Defendants were negligent in the following respects:

      a.    There were no adequate warnings, caution, or alarms to alert Plaintiff of the danger;

b.      There was no site-specific training provided to Plaintiff by Defendants;

c.      Defendants maintained inadequate standards related to Personal Protective Equipment ("PPE") at Defendants' facility; and

d.      Negligently directing Plaintiff to perform an unsafe operation.

18.

Defendants' negligence was the direct and proximate cause of the damages sustained by Plaintiff.

19.

As a direct and proximate result of the Defendants' acts and/or omissions, Plaintiff is entitled to recover his losses from Defendants.

20.

In compliance with the laws of Georgia, requiring an engineering affidavit prior to suit being filed and formal discovery, attached to this Complaint is the Affidavit Bryan Durig setting forth the negligence of Defendants and specifying therein the standard of care, then known.  See **Exhibit A,** hereby attached.

## <u>COUNT 2 – NEGLIGENCE</u>

21.

Defendants assured Plaintiff that the operation to be performed was safe when, in fact, it was not safe.

22.

At times relevant to this suit, Defendants owned, managed, supervised, and/or inspected the facility where Plaintiff was working, including the procedures and equipment.

23.

Defendants failed to remove or cause the removal of the hazardous conditions related to the operation that severed Plaintiff's fingers at Defendants' facility.

24.

An investigation conducted in the aftermath of the incident revealed that the standards for PPE were improper and should have been addressed by Defendants. Specifically, if Defendants had required a different type of glove or no gloves at all while performing the operation, then Plaintiff would not have lost his fingers.

25.

Defendants were further negligent in failing to provide site-specific training to Plaintiff.  Had that training been provided, Plaintiff's injuries and damages would have been avoided.

26.

As a direct and proximate result of the failure referenced herein, Plaintiff has sustained and continues to sustain significant injuries and economic expenses.

27.

Defendants' negligent acts and/or omissions proximately caused the occurrence in question. Specifically, in:

(1)     Failing to inspect such area, machinery, and equipment properly;

(2)     Failing to make proper repairs to such area, machinery, and equipment;

(3)     Failing to maintain such area, machinery, and equipment properly;

(4)     Failing to make reasonable changes to such area, machinery, and equipment to reduce inherent risks and dangers;

(5)     Failure to reasonably reduce or prevent foreseeable dangers to individuals; and

(6)     Failure to use ordinary care in keeping the premises reasonably safe.

28.

Defendants' negligence was the direct and proximate cause of the damages sustained by Plaintiff. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff is entitled to recover all losses from Defendants.

## COUNT 3 – NEGLIGENCE PER SE

29.

Defendants were negligent *per se* for having committed acts or omissions inconsistent with their statutory duty under O.C.G.A. § 51-3-1 to keep the premises

of Defendants' facility safe for their invitees, including Plaintiff Vargas.

30.

Plaintiff Vargas is within the class of people that O.C.G.A. § 51-3-1 is designed to protect.

31.

The injuries suffered by Plaintiff Vargas are the type of injuries that O.C.G.A. § 51-3-1 is designed to prevent from occurring.

32.

Defendants' breach of the duty owed to Plaintiff Vargas under O.C.G.A. § 51-3-1 is the direct and proximate cause of the injuries that Plaintiff Vargas sustained.

33.

Defendants' acts and omissions, as described herein, were a cause in fact and a proximate cause of the injuries and emotional distress to Plaintiff Vargas.

34.

Defendants are liable for Plaintiff's injuries, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

## **DAMAGES**

35.

As a proximate result of the Defendants' acts and omissions, both individually and in concert, Plaintiff Vargas has experienced significant mental and physical pain

and suffering, impairment, financial, and economic loss, including but not limited to obligations for medical services and expenses, disfigurement, lost income, loss of earning capacity, and loss of consortium. Each of which will, in all reasonable probability, continue. Plaintiff also seeks past and future pain and suffering which shall be determined by the enlightened conscience of an impartial jury.

36.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including, but not limited to all compensatory, general, special, incidental, consequential, punitive, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

    a.      Personal injuries;

    b.      Past, present, and future pain and suffering;

    c.      Disability;

    d.      Disfigurement;

    e.      Mental anguish;

    f.      Loss of the capacity for the enjoyment of life;

    g.      Impaired ability to labor;

    h.      Incidental expenses;

i.      Loss of earning capacity;

j.      Past, present, and future medical expenses;

k.      Permanent injuries; and

l.      Consequential damages to be proven at trial.

37.

Defendants acted with willful misconduct, malice, fraud, oppression, wantonness, and an entire want of care, raising the presumption of a conscience indifference to the consequences.   Accordingly, Plaintiff is entitled to recover punitive damages from Defendants in accordance with the enlightened conscience of an impartial jury.

38.

This action is timely filed.

39.

Plaintiff is entitled to attorneys' fees and litigation expenses because Defendants' actions evidence bad faith in the transaction and dealings surrounding the incident.   Defendants and their agents have been stubbornly litigious and have caused Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorneys' fees as defined by O.C.G.A. § 13-6-11.

40.

Each of the foregoing acts and omissions constitute an independent act of negligence by Defendants, and one or more or all of said herein above-stated acts were the proximate causes of the injuries and damages sustained by Plaintiff.

WHEREFORE, the Plaintiff prays for the following relief:

a) That summons be issued requiring Defendants to appear as provided by law to answer this Complaint;

b) That Plaintiff have a trial by jury;

c) That Plaintiff have and recover all damages for all losses compensable under Georgia law as set forth above;

d) That all costs be cast against Defendants; and

e) For all such other and further relief as the Court shall deem just and appropriate.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted, this 3rd day of October, 2024.

DAVID BELL LAW FIRM PC
/s/ David B. Bell, Jr.
DAVID B. BELL, JR.
Georgia Bar No. 741040
**Co-Counsel for Plaintiff**

619 Greene Street
Augusta, GA 30901
Phone: (706)-724-1882
Fax: (706)-722-2507

dbelljr@davidbelllawfirm.com

                                  **Anticipated admission *pro hac vice*:**

                                   BRANDON SMITH LAW, LLC
                                   /s/ Brandon Smith
                                   BRANDON SMITH
                                   Georgia Bar No. 732793
                                   **Co-Counsel for Plaintiff**

5425 Peachtree Parkway, NW
Peachtree Corners, Georgia 30092
Phone: (678) 831-5278
Fax: (678) 623-5790
brandon@brandonsmithlawfirm.com